Appeal from an order of the Supreme Court at Special Term, entered February 3, 1950, in New York County, which denied a motion by defendant for summary judgment dismissing the complaint under rule 113 of the Rules of Civil Practice.

Per Curiam:

By its letters of November 22 and December 17, 1947, agreed to by defendants, plaintiff modified its contract with defendants so as to cancel any cause of action which it previously may have had for a builder’s fee in connection with the structural work described in the complaint. A subsequent letter from plaintiff, however, dated November 8, 1948, refers to extra work subsequently ordered. In plaintiff’s president’s answering affidavit, he says it was stated orally between the. parties after the letters of November 22d and December 17t.li, “ that on (he basis of all (.lie work done, including (lie extra work ~ *" * and plaintiff’s completing whatever other items of the job and incidentals were required, the defendants would recognize their obligation to pay plaintiff a builder’s fee in reasonable amount, although such amount would have to be left to them to determine.” We think that a triable issue is presented concerning whether such a subsequent oral agreement was made, and, if so, whether, as thus outlined, it was a mere agreement to agree, and hence unenforeible, or whether *762 it imported an obligation to pay to plaintiff a builder’s fee or profit to be measured on a basis of quantum meruit.
We do not undertake to determine, upon this motion, which defendants, if any, are liable to plaintiff.
The order denying summary judgment dismissing the complaint should be affirmed, with $20 costs and disbursements to respondent.
Dore, Yan Yoorhis and Shientag, JJ., concur; Peck, P. J., and Callahan, J., dissent and vote to reverse and grant the motion.
Order affirmed, with $20 costs and disbursements to the respondent. [See post, p. 864.]